UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS     **JUDGE ZAGEL**
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

PAUL MADISON and
JEANETTE SHIN

**MAGISTRATE JUDGE COLE**

No. **12 CR 1004**

Violations: Title 18, United States Code,
Sections 1028A(a)(1), 1035(a)(2), and 1347

**COUNT ONE**

**FILED**

The SPECIAL SEPTEMBER 2012 GRAND JURY charges:

DEC 2 0 2012

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

1.      At times material to this indictment:

Individuals and Entities

a.      Watertower SurgiCenter LLC was an outpatient surgical center located at 845 North Michigan Avenue, in Chicago, Illinois. A variety of medical and chiropractic procedures were performed at Watertower.

b.      Defendant PAUL MADISON, an anesthesiologist and pain management specialist, was the owner of Watertower.

c.      Jeanette Shin was a nurse at Watertower.

d.      Individual A was the Director of Billing at Watertower, and Individuals B and C worked in Watertower's Billing Department.

e.      Individual D was a nurse at Watertower.

f.      Individual E was a chiropractor who brought patients to Watertower in order to perform on them the chiropractic procedure known as manipulation-under-

anesthesia.

Manipulation-Under-Anesthesia

g.      The chiropractic procedure known as manipulation-under-anesthesia, or MUA, involved chiropractors performing adjustments on patients who had been anesthetized.

h.      When MUAs were performed on patients at Watertower, doctors, nurses, chiropractors, and billers, among others, generated written reports of patients' diagnoses, and the specific MUA procedures performed on patients.

Health-Care-Benefit Programs

i.      Aetna, Inc., located in Hartford, Connecticut, was a health insurance carrier that provided health insurance plans to groups of individuals through their employer-sponsored health insurance programs.

j.      Anthem Blue Cross Blue Shield, located in Indianapolis, Indiana, was a health insurance carrier that provided health insurance plans to groups of individuals through their employer-sponsored health insurance programs.

k.      Blue Cross Blue Shield of Illinois, located in Chicago, Illinois, was a health insurance carrier that provided health insurance plans to groups of individuals through their employer-sponsored health insurance programs.

l.      Esis Insurance Company, located in Chatsworth, California, was a health insurance carrier that provided health insurance plans to groups of individuals through

their employer-sponsored health insurance programs.

m.      The Hartford Insurance Company, located in Arora, Illinois, was a health insurance carrier that provided health insurance plans to groups of individuals through their employer-sponsored health insurance programs.

n.      Humana, located in Green Bay, Wisconsin, was a health insurance carrier that provided health insurance plans to groups of individuals through their employer-sponsored health insurance programs.

o.      Ingenix, formerly known as United Health, located in Eden Prairie, Minnesota, was a health insurance carrier that provided health insurance plans to groups of individuals through their employer-sponsored health insurance programs.

p.      Liberty Mutual, located in Hoffman Estates, Illinois, was a health insurance carrier that provided health insurance plans to groups of individuals through their employer-sponsored health insurance programs.

q.      Oriska Insurance, located in Oriska, New York, was a health insurance carrier that provided health insurance plans to groups of individuals through their employer-sponsored health insurance programs.

r.      Sentinel, located in Lake Forest, Illinois, was a health insurance carrier that provided health insurance plans to groups of individuals through their employer-sponsored health insurance programs.

s.      The United States Department of Labor, Office of Workers'

3

Compensation Programs, administered benefits payable under the Federal Employees' Compensation Act, which allowed federal employees who sustained on-the-job injuries to receive medical payments and compensation benefits.

       t.      Aetna, Inc., Anthem Blue Cross Blue Shield, Blue Cross Blue Shield of Illinois, Esis Insurance Company, the Hartford Insurance Company, Humana, Ingenix, Liberty Mutual, Oriska Insurance, Sentinel, and the United States Department of Labor, Office of Workers' Compensation Programs, administered health care benefit programs within the meaning of Title 18, United States Code, Section 24(b).

Health-Care Claims Processing

       u.      Providers of health care services were eligible for reimbursement for covered medical services from certain health-care-benefit programs. To seek reimbursement, such providers were required to submit a health insurance claim form containing certain information, including the types of services provided, and a certification that such services were actually rendered by the provider. This information was material to the health care benefit programs' review and assessment of claims submitted for reimbursement.

       2.      Beginning in or around August 2005, and continuing through around December 2009, in the Northern District of Illinois, Eastern Division, and elsewhere,

PAUL MADISON,

defendant herein, did knowingly and willfully devise, intend to devise, and participate in a scheme to defraud health care benefit programs that affected interstate commerce, including

4

Aetna, Anthem, Blue Cross, Esis Insurance Company, the Hartford Insurance Company, Humana, Ingenix, Liberty Mutual, Oriska Insurance, Sentinel, and the United States Department of Labor, Office of Workers' Compensation Programs, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by and under the custody and control of such programs, in connection with the delivery and payment for healthcare benefits, items, and services, which scheme is further described below.

3.     It was part of the scheme that defendant MADISON directed Watertower billing staff to fraudulently bill heath care benefit programs for MUAs that chiropractors had not performed. Defendant MADISON disguised Watertower's fraudulent billing by creating false medical and billing records, and by directing Watertower billing staff, nurses, chiropractors, and others to create false records, including false nurses' reports, chiropractors' reports, operative reports, and billing reports, among others. These false records disguised the true nature of the MUA procedures that chiropractors had performed on patients at Watertower. Jeanette Shin falsified her nurse's reports by fraudulently claiming that chiropractors had performed certain MUAs that she knew they had not in fact performed.

4.     It was further part of the scheme that defendant MADISON directed Individual A and the Watertower billing staff to fraudulently bill health care benefit programs for MUAs that defendant MADISON knew chiropractors had not performed.

5

5.     It was further part of the scheme that in or around the spring of 2006, defendant MADISON began directing Individual A to use an MUA "template" when billing for MUA procedures.  The MUA "template" listed all of the body parts on which MUAs could be performed, and the corresponding procedure codes.  Defendant MADISON instructed Individual A to bill all MUA patients' MUA procedures from the MUA "template," even when MADISON knew that patient files and other information indicated that not all of the MUA procedures listed in the MUA template had actually been performed.

6.     It was further part of the scheme that defendant MADISON directed Individual A, as well as other members of Watertower's staff, including Individual C, to create fraudulent MUA operative reports.  These fraudulent operative reports falsely listed certain body parts as having been manipulated by chiropractors during MUA procedures, when MADISON knew that chiropractors had not manipulated such body parts.

7.     It was further part of the scheme that around the spring of 2007, the Illinois Department of Financial and Professional Regulation investigated Watertower's MUA billing practices.  In response to IDFPR's investigation, defendant MADISON ordered Individual A and others to destroy accurate MUA operative reports in patients' medical files, and replace them with fraudulent MUA operative reports.  He further ordered Individuals A and B to lie to State investigators about Watertower's MUA billing practices.

8.     It was further part of the scheme that following IDFPR's investigation, defendant MADISON continued to create and use fraudulent MUA reports and records, and

continued to direct others to create and use fraudulent MUA reports and records. Defendant MADISON also continued to fraudulently bill health-care-benefit programs for MUAs that chiropractors had not performed, and continued to direct Individual A to do so as well. Defendant MADISON disguised Watertower's continuing fraud by billing for fewer MUAs than Watertower had billed for previously.

9.     It was further part of the scheme that defendant MADISON, both directly and through other Watertower staff, ordered nurses and chiropractors, including Individuals D and E, to falsify in patients' medical records both patient diagnoses and descriptions of the MUA procedures performed on patients.

10.     It was further part of the scheme that Individuals D and E falsified patient diagnoses and descriptions of the MUA procedures performed in nurse and chiropractic reports, which were then placed within Watertower's patient files.

11.     It was further part of the scheme that nurse Jeanette Shin falsified her nurse's reports by fraudulently claiming that chiropractors had manipulated certain body parts when she knew that those body parts had not in fact been manipulated during MUAs.

12.     It was further part of the scheme that defendant MADISON concealed and hid, and caused to be concealed and hidden, the purposes of the acts done in furtherance of the scheme.

13.     As a result of the above-described scheme, defendant MADISON caused Watertower to bill health care benefit programs, including Aetna, Anthem, Blue Cross, Esis

Insurance Company, the Hartford Insurance Company, Humana, Ingenix, Liberty Mutual, Oriska Insurance, Sentinel, and the United States Department of Labor, Office of Workers' Compensation Programs, for over $3,585,000 worth of health care services that Watertower had not performed. Defendant MADISON's fraudulent scheme further caused a loss of over $783,000 from those health care benefit programs.

14.     On or about April 25, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

PAUL MADISON,

defendant herein, did knowingly and willfully execute and attempt to execute the scheme by submitting and causing to be submitted to Blue Cross Blue Shield of Illinois a $3800 claim for health care services allegedly provided to Patient KG at Watertower SurgiCenter on April 10, 2008, specifically, MUAs to KG's wrists and elbows, knowing that such health care services had not been provided to KG on that day;

In violation of Title 18, United States Code, Section 1347.

8

## COUNT TWO

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2.      On or about December 16, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

PAUL MADISON,

defendant herein, did knowingly and willfully execute and attempt to execute the scheme by submitting and causing to be submitted to Blue Cross Blue Shield of Illinois a $3800 claim for health care services allegedly provided to Patient MS at Watertower SurgiCenter on or about November 29, 2008, specifically, MUAs to MS's wrists and elbows, knowing that such health care services had not been provided to MS on that day;

In violation of Title 18, United States Code, Section 1347.

**COUNT THREE**

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2.     On or about April 14, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

PAUL MADISON,

defendant herein, did knowingly and willfully execute and attempt to execute the scheme by submitting and causing to be submitted to Blue Cross Blue Shield of Illinois a $3800 claim for health care services allegedly provided to Patient EM at Watertower SurgiCenter on March 21, 2009, specifically, MUAs to EM's elbows and wrists, knowing that such health care services had not been provided to EM on that day;

In violation of Title 18, United States Code, Section 1347.

10

## COUNT FOUR

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      On or about April 14, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

## PAUL MADISON,

defendant herein, did knowingly use without lawful authority a means of identification of another person, namely, a name and date of birth for patient EM, during and in relation to a violation of Title 18, United States Code, Section 1347, as alleged in Count Three;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FIVE

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2.      On or about April 21, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### PAUL MADISON,

defendant herein, did knowingly and willfully execute and attempt to execute the scheme by submitting and causing to be submitted to Blue Cross Blue Shield of Illinois a $3800 claim for health care services allegedly provided to Patient SB at Watertower SurgiCenter on April 4, 2009, specifically, MUAs to SB's wrists and elbows, knowing that such health care services had not been provided to SB on that day;

In violation of Title 18, United States Code, Section 1347.

12

## COUNT SIX

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2.      On or about June 9, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

PAUL MADISON,

defendant herein, did knowingly and willfully execute and attempt to execute the scheme by submitting and causing to be submitted to Blue Cross Blue Shield of Illinois a $3800 claim for health care services allegedly provided to Patient JD at Watertower SurgiCenter on May 28, 2009, specifically, MUAs to JD's elbows and wrists, knowing that such health care services had not been provided to JD on that day;

In violation of Title 18, United States Code, Section 1347.

13

## COUNT SEVEN

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      On or about June 9, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

PAUL MADISON,

defendant herein, did knowingly use without lawful authority a means of identification of another person, namely, a name and date of birth for patient JD, during and in relation to a violation of Title 18, United States Code, Section 1347, as alleged in Count Six;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT EIGHT

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      Paragraph 1 Count One of this indictment is incorporated here.

2.      On or about August 12, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

PAUL MADISON,

defendant herein, did knowingly and willfully execute and attempt to execute the scheme by submitting and causing to be submitted to Aetna claims totaling $3,800 for health care services allegedly provided to Patient WW at Watertower SurgiCenter on June 13, 2009, specifically, MUAs to WW's elbow and wrist, knowing that such health care services had not been provided to WW on that day;

In violation of Title 18, United States Code, Section 1347.

15

## COUNT NINE

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      Paragraph 1 of Count One of this indictment is incorporated here.

2.      On or about November 29, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

PAUL MADISON,

defendant herein, in a matter involving a health-care-benefit program, did knowingly and willfully make and cause to be made a materially false, fictitious, and fraudulent statement and representation, and make and cause to be made a materially false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health-care benefits, items, and services, in that defendant MADISON prepared and caused to be prepared a false operative report indicating that MUAs to Patient MS's elbows and wrists had been performed;

In violation of Title 18, United States Code, Section 1035(a)(2).

16

## COUNT TEN

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      Paragraph 1 of Count One of this indictment is incorporated here.

2.      On or about November 29, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JEANETTE SHIN,

defendant herein, in a matter involving a health-care-benefit program, did knowingly and willfully make and cause to be made a materially false, fictitious, and fraudulent statement and representation, and make and cause to be made a materially false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health-care benefits, items, and services, in that defendant SHIN prepared a false nurse's report indicating that MUAs to Patient MS's elbows and wrists had been performed;

In violation of Title 18, United States Code, Section 1035(a)(2).

17

## COUNT ELEVEN

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.　　Paragraph 1 of Count One of this indictment is incorporated here.

2.　　On or about March 21, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### PAUL MADISON,

defendant herein, in a matter involving a health-care-benefit program, did knowingly and willfully make and cause to be made a materially false, fictitious, and fraudulent statement and representation, and make and cause to be made a materially false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health-care benefits, items, and services, in that defendant MADISON prepared and caused to be prepared a false operative report indicating that MUAs to Patient EM's elbows and wrists had been performed;

In violation of Title 18, United States Code, Section 1035(a)(2).

18

## **COUNT TWELVE**

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.     Paragraph 1 of Count One of this indictment is incorporated here.

2.     On or about March 21, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JEANETTE SHIN,

defendant herein, in a matter involving a health-care-benefit program, did knowingly and willfully make and cause to be made a materially false, fictitious, and fraudulent statement and representation, and make and cause to be made a materially false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health-care benefits, items, and services, in that defendant SHIN prepared a false nurse's report indicating that MUAs to Patient EM's elbows and wrists had been performed;

In violation of Title 18, United States Code, Section 1035(a)(2).

19

## **COUNT THIRTEEN**

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.     Paragraph 1 of Count One of this indictment is incorporated here.

2.     On or about May 28, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

PAUL MADISON,

defendant herein, in a matter involving a health-care-benefit program, did knowingly and willfully make and cause to be made a materially false, fictitious, and fraudulent statement and representation, and make and cause to be made a materially false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health-care benefits, items, and services, in that defendant MADISON prepared and caused to be prepared a false operative report indicating that MUAs to Patient JD's elbows and wrists had been performed;

In violation of Title 18, United States Code, Section 1035(a)(2).

## COUNT FOURTEEN

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      Paragraph 1 of Count One of this indictment is incorporated here.

2.      On or about May 28, 2009, at Chicago, in the Northern District of Illinois,
Eastern Division, and elsewhere,

JEANETTE SHIN,

defendant herein, in a matter involving a health-care-benefit program, did knowingly and
willfully make and cause to be made a materially false, fictitious, and fraudulent statement
and representation, and make and cause to be made a materially false writing and document,
knowing the same to contain a materially false, fictitious, and fraudulent statement and entry,
in connection with the delivery of and payment for health-care benefits, items, and services,
in that defendant SHIN prepared a false nurse's report indicating that MUAs to Patient JD's
elbows and wrists had been performed;

In violation of Title 18, United States Code, Section 1035(a)(2).

## **FORFEITURE ALLEGATION**

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      The allegations contained in Counts One through Fourteen of this indictment are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2) and (7).

2.      As a result of their violations of Title 18, United States Code, Sections 1028A(a)(1), 1035(a)(2) and 1347, as alleged in the indictment,

PAUL MADISON and
JEANETTE SHIN,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2) and (7), any and all right, title, and interest they may have in any property, real and personal, constituting, and derived from, proceeds obtained, directly and indirectly, from commission of the offense, namely, a total of over $783,000.

3.      If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

      (a)      Cannot be located upon the exercise of due diligence;

      (b)      Has been transferred or sold to, or deposited with, a third party;

      (c)      Has been placed beyond the jurisdiction of the Court;

      (d)      Has been substantially diminished in value; or

      (e)      Has been commingled with other property which cannot be divided without difficulty,

22

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), including but not limited to the following vehicles and home:

PAUL MADISON

- one 1978 Rolls Royce Corniche 2 door Convertible, VIN# DRG31228

- one 2004 Porsche Cayenne, VIN# WP1AC29P64LA93018

- one 2003 Toyota Sequoia, VIN# 5TDBT44A53S19575

JEANETTE SHIN

- the home located at 200 Deborah Lane, Unit 3C, Wheeling, Illinois

- one 2008 Jeep Grand Cherokee, VIN# 1J8GR48K88C191316

All pursuant to Title 18, United States Code, Section 982(a)(2) and (7).

A TRUE BILL:


_____

FOREPERSON



_____

ACTING UNITED STATES ATTORNEY